UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| LINDSAY MARIE PERKINS,<br><br>        Plaintiff,<br><br>v.<br><br>IQOR GLOBAL SERVICES, LLC,<br><br>        Defendant. | Case No. 5:22-cv-00051 |

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Lindsay Marie Perkins, by and through her attorneys, files this Complaint against Defendant iQor Global Services, LLC ("iQor") for its violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), §559.55 *et seq.,* and intrusion upon Ms. Perkins' seclusion, and alleges as follows.

## INTRODUCTION

1. Count I of Ms. Perkins' Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of

automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Ms. Perkins' Complaint is based upon the Florida Consumer Collection Practices Act ("FCCPA"), §559.55 *et seq.* Fla. Stat. The FCCPA is a Florida statute that regulates the collection of debts within the state by debt collectors and original creditors. The FCCPA provides relief additional to the TCPA.

3. Count III of Ms. Perkins' Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

4. Count IV of Ms. Perkins' Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION

5. Jurisdiction of this court arises under 28 U.S.C. §§1331, 1367 and 47 U.S.C. §227.

6. Federal question jurisdiction exists because iQor's conduct violates Ms. Perkins' rights under the TCPA and the FDCPA, federal statutes.

7. Supplemental jurisdiction exists because all of Plaintiff's claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred within the geographic boundary of the Middle District of Florida.

9. Because iQor's conduct was aimed at, the effects of its conduct were suffered in, and it transacts business in the Middle District of Florida, personal jurisdiction is established.

## PARTIES

10. Ms. Perkins is a natural person.

11. During all times pertinent to this complaint Ms. Perkins resided in Summerfield, Florida.

12. Ms. Perkins is a "consumer" as defined under 15 U.S.C. §1692a(3) and §559.55(3), Fla. Stat.

13. iQor's is a "debt collector" as defined under 15 U.S.C. §1692a(6) and §559.55(7), Fla. Stat.

14. iQor is a Delaware corporation and its principal place of business is located at 200 Central Avenue, 7th FL St. Petersburg, Florida 33701.

15. iQor's registered agent in Florida is C T Corporation System, 1200

South Pine Island Road, Plantation, Florida 33324.

16. iQor acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. The debt underlying this action are "debt" as defined under 15 U.S.C. §1692a(5) and §559.55(6), Fla. Stat., because it originated in obligations or alleged obligations of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

18. Beginning in or around October 2019, iQor began calling Ms. Perkins' cellular phone attempting to collect a debt allegedly owed by Ms. Perkins to non-party Credit One Bank, N.A. ("Credit One").

19. Credit One hired third party vendor iQor to place the collection calls to Credit One customers including Ms. Perkins.

20. iQor placed the collection calls and impersonated Credit One, hiding its true identity as a debt collector.

21. iQor misrepresented and deceived Ms. Perkins as to its true identity and its affiliation to Credit One.

22. iQor placed telephone calls to Ms. Perkins' cellular phone without a

meaningful disclosure as to its true identity.

23. iQor intentionally and knowingly refrained from disclosing itstrue identity so as to circumvent and avoid the requirements of the FDCPA and FCCPA.

24. iQor provided call center collectors to Credit One and used its own agents and equipment to contact Ms. Perkins.

25. iQor is in the business of collecting consumer debts owed or due or asserted to be owed or due.

26. On or about October 21, 2019, at approximately 5:29 p.m., Ms. Perkins answered a call from the number (267) 703-1213. After picking up the call, Ms. Perkins noticed an unusually long delay and recalls hearing a short burst of dialing tones or beeps before the representative began speaking, consistent with the use of an automatic dialing system.

27. The representative calling informed and led Ms. Perkins to believe that the representative was an employee of Credit One.

28. The representative then informed Ms. Perkins that the representative was attempting to collect an alleged debt owed by Ms. Perkins to Credit One.

29. After going through the identification process, Ms. Perkins informed the representative that she could not pay and then instructed the representative to stop calling her.

30. Despite Ms. Perkins expressly informing the representative not to call

her and that she could not pay at the time, iQor began a harassment campaign by calling Ms. Perkins on her cellular phone relentlessly for four months, including on the weekends.

31. The calls originated from the following numbers: (267) 703-0133; (267) 703-0183; (267) 703-0234; (267) 703-0873; (267) 703-0937; (267) 703-0948; (267) 703-0987; (267) 703-1001; (267) 703-1106; (267) 703-1112; (267) 703-1157; (267) 703-1162; (267) 703-1208; (267) 703-1213; (267) 703-1214; (267) 703-2991; (267) 703-3162; (267) 703-3192; (267) 703-6455; (267) 703-6626; (267) 758-0871; (267) 930-5733; (267) 930-5778; (267) 930-6501.

32. Upon information and belief, these numbers are independently owned or operated iQor.

33. Upon information and belief, iQor "spoofed" or made its calls to show as originating from those numbers.

34. Between October 22, 2019 and February 10, 2020, iQor called Ms. Perkins on her cellular telephone no less than **ONE HUNDRED AND SEVENTY NINE** (179) times after Ms. Perkins requested for the calls to cease.

35. iQor called Ms. Perkins almost every day, including the weekends.

36. iQor called Ms. Perkins several times a day on a regular basis and many days in a row, up to six (6) times in one day.

37. iQor called Ms. Perkins at all times of the day, from as early as 9 a.m.,

to as late at 8:59 p.m.

38. Upon information and belief, iQor also called and texted, or attempted to call and text friends and family of Ms. Perkins with the intention that they would communicate to Ms. Perkins that iQor was attempting to collect a debt from her, causing Ms. Perkins additional embarrassment and distress.

39. Ms. Perkins received voicemails that appeared to be pre-recorded. Upon information and belief, those calls were placed by iQor.

40. Upon information and belief, iQor's system "use[s] a random generator to determine the order in which to pick phone numbers from a preproduced list" as provided to it by Credit One and "then store[s] those numbers to be dialed at a later time." *Facebook, Inc. v. Duguid*, 592 U. S. ____, slip op. 10, n.7 (2021).

41. Upon information and belief, iQor's equipment used to call Ms. Perkins has the capacity to store a telephone number using a random or sequential number generator and then dial those numbers at the appropriate times of the day so as to not call before the allowable times depending on the zip code where each of the Credit One customers reside.

42. Upon information and belief, iQor's system that it used to call Ms. Perkins has the capacity to produce a telephone number using a random or sequential number generator.

43. iQor's intrusion upon Ms. Perkins seclusion was highly offensive to the

reasonable person and exceeded reasonable collection efforts. iQor's conduct was especially unreasonable because it called relentlessly shortly after Ms. Perkins asked not to be called anymore.

44. iQor's conduct was not only knowing and willful but was done with the intention of causing Ms. Perkins such distress, so as to induce her to pay the debt or somehow pay more than she was able to pay.

45. iQor is familiar with the TCPA, the FCCPA and the FDCPA.

46. Each and every one of iQor's telephone calls caused Ms. Perkins distraction and temporary loss of use of her telephone line.

47. As a result of iQor's conduct, Ms. Perkins has sustained actual damages including but not limited to, stress, anxiety, embarrassment, anguish, annoyance, severe emotional and mental pain.

48. Ms. Perkins was additionally forced to spend considerable time, money and effort into identifying the actual party that was violating her rights because iQor had intentionally concealed its true identity and deceived Ms. Perkins into believed it was Credit One who was calling her.

*Procedural Background*

49. On August 18, 2020, non-party Michelle Jones —represented by undersigned counsel's law firm— filed a complaint against Credit One and Does 1-5, before the U.S. District Court for the District of Nevada (the "Jones Litigation").

(*Jones, Michelle v. Credit One Bank, N.A. et al.*, Case No. 2:20-cv-01523.)

50.     On August 18, 2020, Plaintiff filed a complaint against Credit One and Does 1-5, before the U.S. District Court for the District of Nevada. (*Perkins, Lindsay v. Credit One Bank, N.A. et al.*, Case No. 2:20-cv-01524.)

51.     On December 8, 2020, the Nevada Court granted Credit One's motion to compel arbitration in the Jones Litigation, as well as other cases pending in the Nevada District against Credit One and Does 1-5 alleging similar facts and asserting similar claims, and represented by undersigned counsel's law firm. (Doc. 19.)

52.     Thereafter, Plaintiff filed a demand for arbitration against Credit One before AAA.

53.     On or about December 2, 2021, Plaintiff and Credit One settled that arbitration.

54.     On or about December 22, 2021, Credit One disclosed to Plaintiff, and Plaintiff learned for the first time, that iQor was the unidentified party named "Does 1-5" in Plaintiff's Nevada litigation and AAA arbitration against Credit One.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

55.     Ms. Perkins incorporates by reference paragraphs 17 through 54 as though fully stated herein.

56.     iQor violated the TCPA. iQor's violations include, but are not limited

to the following:

 a) Within four years prior to the filing of this action, on multiple occasions, iQor violated TCPA 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

 b) Within four years prior to the filing of this action, on multiple occasions, iQor violated TCPA 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

 c) Within four years prior to the filing of this action, on multiple occasions, iQor willfully and/or knowingly contacted Ms. Perkins on her cellular telephone using an artificial prerecorded

voice or an automatic telephone dialing system and as such, iQor knowingly and/or willfully violated the TCPA.

57. As a result of iQor' violations of 47 U.S.C. §227, Ms. Perkins is entitled to declaratory judgment that iQor' conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages for each and every negligent violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that iQor knowingly and/or willfully violated the TCPA, Ms. Perkins is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II

### Violations of the FCCPA, §559.55 *et seq.*, Fla. Stat.

58. Ms. Perkins incorporates by reference paragraphs 17 through 54 as though fully stated herein.

59. iQor violated the FCCPA. iQor' violations include, but are not limited to the following:

    a) willfully communicating with Ms. Perkins or any member of her family with such frequency as can reasonably be expected to harass Ms. Perkins or her family, or willfully engaging in other conduct which can reasonably be expected to abuse or harass Ms. Perkins or any member of her family, §559.72(7);

    b)    refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so, §559.72(15);

    c)    failing to give Plaintiff written notice of the assignment of her debt before iQor's actions to collect the debt, §558.715.

60.    As a result of iQor's violations of the FCCPA, Ms. Perkins is entitled to recover actual damages, statutory damages of up to $1,000, and reasonable attorneys' fees and litigation expenses. §559.77(2).

## COUNT III

### Violations of the FDCPA, 15 U.S.C. §1692 *et seq.*

61.    Ms. Perkins incorporates by reference paragraphs 17 through 54 as though fully stated herein.

62.    iQor violated the FDCPA. iQor's violations include, but are not limited to the following:

    a)    collecting or attempting to collect a consumer debt without complying with the provisions of 15 U.S.C. §§1692b to 1692j;

    b)    engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, §1692d;

    c)    causing a telephone to ring or engaging any person in telephone

    conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, §1692d(5);

  d) using false, deceptive, or misleading representations or means in connection with the collection of any debt, §1692e;

  e) using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, §1692e(10);

  f) failing to disclose in the initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failing to disclose in subsequent communications that the communication is from a debt collector, §1692e(11);

  g) using Credit One's name instead of iQor's true business, company, or organization name, §1692e(14);

  h) using unfair or unconscionable means in connection with the collection of an alleged debt, §1692f.

63. iQor's acts, as described above, were done knowingly and willfully.

64. As a result of the foregoing violations of the FDCPA, iQor is liable to Ms. Perkins for declaratory judgment that iQor's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs. 15 U.S.C.

§1692k(a).

## COUNT IV

### Invasion of Privacy – Intrusion Upon Seclusion

65. Ms. Perkins incorporates by reference paragraphs 17 through 54 as though fully stated herein.

66. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

67. iQor violated Ms. Perkins' privacy. iQor's violations include, but are not limited to, the following:

    a) iQor intentionally intruded, physically or otherwise, upon Ms. Perkins' solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite a request(s) for the calls to cease.

    b) The number and frequency of the telephone calls to Ms. Perkins by iQor after a request(s) for the calls to cease constitute an intrusion on Ms. Perkins' privacy and solitude.

    c) iQor's conduct would be highly offensive to a reasonable person

    as Ms. Perkins received countless calls that often interrupted and occupied her cellphone line.

  d) The frequency and volume of iQor' calls were harassing to Ms. Perkins.

68. iQor' acts, as described above, were done intentionally with the purpose of coercing Ms. Perkins to pay the alleged debt.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Ms. Perkins hereby demands a trial by jury of all issues triable by jury.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Lindsay Marie Perkins respectfully requests an award be rendered against Defendant iQor Global Services, LLC for the following:

 A. Declaratory judgment that iQor violated the TCPA, FCCPA and FDCPA;

 B. Declaratory judgment that iQor violated the TCPA and FCCPA;

 C. Statutory damages against iQor of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

 D. Statutory damages against iQor of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

E. Actual damages against iQor pursuant to §559.77(2), Fla. Stat.;

F. Statutory damages of $1,000 against IQor pursuant to §559.77(2), Fla. Stat.;

G. Attorneys' fees and costs against iQor pursuant to §559.77(2), Fla. Stat.;

H. Actual damages against iQor pursuant to 15 U.S.C. §1692k(a);

I. Punitive damages against iQor pursuant to 15 U.S.C. §1692k(a);

J. Attorneys' fees and costs against iQor pursuant to 15 U.S.C. §1692k(a);

K. Actual and punitive damages for iQor' intrusion upon Ms. Perkins' seclusion;

L. Awarding Ms. Perkins any pre-award and post-award interest as may be allowed under the law; and

M. Any other relief that the Court deems appropriate.

*/s/ Santiago J Teran*
Santiago J Teran
FL Bar No. 1018985
NY Bar No. 5528906
Price Law Group, APC
2125 Biscayne Blvd, Suite 206
Miami, FL 33137
Direct: (347) 946-7990
Facsimile: (818) 600-5486
E-mail: santiago@pricelawgroup.com

*Attorneys for Plaintiff*
*Lindsay Marie Perkins*